UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS M. ENGEL,<br><br>   Plaintiff,<br><br>   v.<br><br>CLIENT SECURITY FUND COMMISSION OF THE CALIFORNIA STATE BAR,<br><br>   Defendant. | No. 2:21-cv-0624 DB PS<br><br>ORDER |

Plaintiff Julius Engel is proceeding in this action pro se. On July 14, 2021, this action was reassigned to the undersigned pursuant to the parties' consent to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c)(1). (ECF No. 10.) Pending before the court is defendant's motion to dismiss submitted on August 2, 2021. (ECF No. 14.) For the reasons stated below, defendant's motion to dismiss is granted and plaintiff's complaint is dismissed without prejudice.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on April 7, 2021, by filing a complaint and paying the required filing fee. (ECF No. 1.) The complaint alleges that plaintiff "is a former member of the California state Bar," who "is currently disbarred, which he believes

////

////

1

is unjust." (Compl. (ECF No. 1) at 1.[1]) On March 2, 2021, plaintiff received a "Final Decision" dated February 25, 2021, from the defendant California State Bar Security Fund, "an arm of the California State Bar California Supreme Court[.]" (Id. at 2-3.) The decision granted "Jose Garcia $2,500 in an illegitimate refund." (Id. at 3.) Plaintiff alleges that there "has never been a hearing on the matter," and the decision is "an invidious unconstitutional attack on plaintiff . . . . because of his disbarred status without even a trace of due process." (Id.) Moreover, plaintiff's disbarment and the costs sought by the State Bar "are invalid and based on no evidence[.]" The complaint seeks "an injunction," an order that "the FBI investigate this matter," and "equitable and administrative mandamus[.]" (Id. at 7.)

On June 25, 2021, defendant filed a motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 8.) Plaintiff filed an opposition on July 26, 2021. (ECF No. 11.) Defendant filed a reply on July 29, 2021. (ECF No. 12.) Defendant's motion was taken under submission on August 2, 2021. (ECF No. 14.)

**STANDARDS**

**I.    Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes,

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

**II.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less

stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

This is not the first-time plaintiff has raised claims related to these facts with this court. On May 1, 2020, plaintiff filed a complaint in this court against California Supreme Court Chief Justice Cantil-Sakauye in response to plaintiff's suspension and disbarment.[2] See United States ex rel. Engel v. Cantil-Sakauye, Case No. 2:20-cv-0893 JAM JDP PS, 2021 WL 3616733 (E.D.

---

[2] The court may take judicial notice of its own files and of documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); Hott v. City of San Jose, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases).

Case 2:21-cv-00624-DB   Document 15   Filed 10/12/21   Page 5 of 8

Cal. Aug. 16, 2021). Plaintiff's complaint was dismissed due to a lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. Id. at *2.

In this regard, under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert. denied 547 U.S. 1111 (2006)). "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

////

5

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

Here, plaintiff's claims challenge the actions of the California State Bar. These actions, however, were ultimately carried out by the California Supreme Court. See In re Rose, 22 Cal.4th 430, 439 (Cal. 2000) ("The State Bar may make only recommendations to this court, which undertakes an independent determination whether the attorney should be disciplined as recommended."). In this regard, plaintiff's claims are a de facto appeal "'brought by a state-court loser inviting district court review and rejection of the state court's judgments.'" Scheer v. Kelly, 817 F.3d 1183, 1186 (9th Cir. 2016) (quoting Skinner v. Switzer, 562 U.S. 521, 532 (2011)); see also Dencer v. California State Bar, 713 Fed. Appx. 617, 618 (9th Cir. 2018) (affirming dismissal under Rooker-Feldman of action alleging claims related to "California State Bar disbarment proceedings."). Accordingly, this court lacks subject matter jurisdiction over this action pursuant to the Rooker-Feldman doctrine.

////
////
////
////

## II. Leave to Amend

For the reasons stated above, defendant's motion to dismiss will be granted and the complaint dismissed without prejudice.³ The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted and over which the court would have subject matter jurisdiction. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, in opposing defendant's motion to dismiss plaintiff asserts that amendment is possible, citing to "Ex Parte Young." (Pl.'s Opp.'n (ECF No. 11) at 5.) The Ex Parte Young doctrine provides that a "suit challenging the constitutionality of a state official's action is not one against the State." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 103 (1984). For Ex Parte Young to apply "(1) the action must seek only prospective injunctive relief; it may not challenge past conduct; (2) the action must address an ongoing federal violation; (3) the action cannot be based on state law; and (4) the official sued must have a connection with the law and direct responsibility for enforcing it." S.B. by and through Kristina B. v. California Department of Education, 327 F.Supp.3d 1218, 1236 (E.D. Cal. 2018).

This action does not seek only prospective injunctive relief, but instead challenges past conduct, specifically plaintiff's past punishment by the State Bar. Nor does the action address an ongoing federal violation. In this regard, there is no basis for the applicability of Ex Parte Young. Therefore, and in light of the obvious lack of subject matter jurisdiction, the court finds that granting plaintiff leave to amend would be futile.

////

////

////

---

³ "[A] case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice[.]" Frigard v. U.S., 862 F.2d 201, 204 (9th Cir. 1988).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's June 25, 2021 motion to dismiss (ECF No. 8) is granted;

2. The April 7, 2021 complaint (ECF No. 1) is dismissed without prejudice and without further leave to amend; and

3. This action is closed.

Dated: October 11, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/engel0624.mtd.ord

8